IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY LUCRETIA CLARK,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5446 |
| | : | |
| NAVY FEDERAL CREDIT UNION,<br>    Defendant. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                                **April 2, 2025**

Plaintiff Joy Lucretia Clark initiated this civil action by filing a pro se Complaint against Navy Federal Credit Union ("Navy Federal"). (Doc. No. 2.) She alleges wrongdoing by Navy Federal with respect to loans and accounts originating with that institution. She also seeks leave to proceed *in forma pauperis*. (Doc. Nos. 1 & 9.) For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss her Complaint for failure to comply with the Federal Rules of Civil Procedure and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii). Clark will be given an opportunity to file an amended complaint in the event she can cure the deficiencies identified by the Court.

**I.      FACTUAL ALLEGATIONS**[1]

Clark's Complaint consists perhaps mistakenly of a form to be used by pro se litigants for filing claims of employment discrimination. (Doc. No. 2 at 2–8.) She attached to it a reference sheet explaining provisions of the Fair Credit Reporting Act ("FCRA") and other documents that appear to be account statements from Navy Federal and a credit reporting agency, with

---

[1] The factual allegations are taken from Clark's Complaint and attachments. (Doc. No. 2.) Publicly available records have also been consulted in this screening under § 1915(e)(2)(B). *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

handwritten notations throughout.[2]  (*Id.* at 9–29.)  Clark alleges that she has or had accounts at Navy Federal.  (*Id.* at 6.)  She sums up the facts of her case as follows:  "Various accounts unable to access, proof of selling my information, false reporting.  I have my CFPB report.  Identity.gov letter to send Credit Union.  These false reportings have created a great deal of hardship for my depend[ents] and myself."  (*Id.* at 6.)  She also broadly claims that Navy Federal is erroneously "reporting fraud to [her] credit, selling [her] credit, [committing] abuse of process, creating fake securities, [violating the] Truth in Lending [Act], [and] den[ying her] Full Faith in Credit."  (*Id.* at 6.)  She alleges that the wrongful acts began in 2014 and are still being committed.  (*Id.*)  Clark seeks injunctive relief and/or money damages.  (*Id.* at 8.)

More specifically, Clark alleges that Navy Federal has denied her access to two of her accounts.  (*Id.* at 6, 12.)  In an attachment to her Complaint, Clark also contends that Navy Federal sold her car loan to non-party debt collector LVNV and falsely reported that she had not repaid the loan, and now, LVNV wants Clark to pay the debt again.  (*Id.* at 6, 13–16.)

Clark also makes several claims against various non-party entities in the attachments to her Complaint.  She alleges that LVNV bought 8 to 10 of her accounts from various creditors and now seeks to collect on those accounts, even though Clark already paid those debts in full.  (*Id.* at 15–16.)  She also contends that the United States Department of Education and an associated lender erroneously demanded over $40,000 and garnished her wages.  (*Id.* at 17–18.)  That lender is now "creating securities in [Clark's] name with fake SSN, addresses, and names."  (*Id.* at 18.)  Clark further claims that a fraudulent account with another educational lender,

---

[2] On the same day that she filed her Complaint, Clark submitted four one-page "motions" against Navy Federal and three other entities not named as Defendants here, which were docketed separately in this action.  (*See* Doc. Nos. 4–7.)  To the extent that Clark wants to include these additional entities and claims in an amended complaint, she must clearly identify the parties, claims, facts, and relief sought in a unified, comprehensive pleading, as more fully explained below.

"PHEAA," was opened in 2023 in her name. (*Id.* at 19.) Finally, she alleges that "OneMain" settled a debt with her, gave her "a 1099c," and is now reporting the debt to a credit bureau. (*Id.* at 20.)

## II.     STANDARD OF REVIEW

Because Clark appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the pro se] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the pro se Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) ("A district court may sua sponte dismiss

a complaint for failure to comply with Rule 8."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal quotation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-cv-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

### III. DISCUSSION

Taking into consideration Clark's statements in the Complaint and her attachments, it appears that she seeks to assert claims against Navy Federal under the FCRA and the Truth in Lending Act ("TILA").[3] Clark's Complaint fails to state a plausible claim under either the FCRA or the TILA, so the Court will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(ii).

#### A. FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir.

---

[3] Among the allegations, Clark claims that Navy Federal reported fraud to the credit bureau, sold her credit, and created fake accounts. (Doc. No. 2 at 6.) She also attaches an information sheet on the FCRA, and references "Truth In Lending." (*Id.* at 6, 9–11.) These factors suggest that she intends to rely on the FCRA and the TILA. *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (noting that the court must "apply the applicable law, irrespective of whether the pro se litigant mentioned it by name" (internal quotation omitted)).

4

2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). Pursuant to the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-cv-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see* 15 U.S.C. § 1681s-2(b).

Clark's FCRA claim is not plausible because she does not allege that she raised a dispute with a consumer reporting agency concerning the allegedly inaccurate information or that Navy Federal failed to investigate or modify it. *See Harris*, 2016 WL 3473347, at *6. To that end, she merely states that she has her "CFPB [Consumer Finance Protection Board] report," and a letter to send to the credit union. (Doc. No. 2 at 6.) Alerting the furnisher directly of a dispute is not sufficient to satisfy the requirement that notice of a dispute be made with a consumer reporting agency. Moreover, a consumer seeking to vindicate rights under the FCRA must clearly identify the account at issue, allege that the furnisher communicated inaccurate information to a consumer reporting agency, indicate what the inaccurate information was, state that she disputed

it with the credit reporting agency, and allege that the furnisher failed to reasonably investigate the dispute after having been notified by the credit reporting agency. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (setting forth those points as minimal pleading requirements for FCRA claim against a furnisher). Clark must meet these criteria to state a plausible FCRA claim *within* her complaint—and not merely attach documents that might provide information supporting her claim. *Berkery v. Credit Collection Servs.*, No. 21-cv-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

    B.    **TILA Claims**

The TILA regulates "the relationship between lenders and consumers . . . by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). "TILA's express purpose is to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quoting 15 U.S.C. § 1601(a)). To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Wilson v. RoundPoint Mortg. Servicing Corp.*, No. 21-cv-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022) (internal quotations omitted). "Without more, such assertions are merely 'bald assertions' and 'legal conclusions' without any factual support." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

Clark does not state a plausible claim under the TILA because she provides nothing more than a conclusory description of Navy Federal's actions: "abuse of process, . . . Truth in Lending." Nowhere does she specifically describe "which charges and fees were not properly disclosed [by Navy Federal] and why certain charges and fees are not bona fide and are unreasonable in amount." *Wilson,* 2022 WL 3913318, at *5. Absent these facts, the claim must be dismissed. *Mazza v. Bank of N.Y. Mellon*, No. 20-cv-3253, 2021 WL 601135, at *6 (E.D. Pa. Feb. 16, 2021) (dismissing TILA claim without prejudice pursuant to Fed. R. Civ. P. 8 "[b]ecause the Complaint fail[ed] to allege sufficient facts that would allow the Court to identify a right to relief under TILA.").

***

In sum, Clark's allegations fall far short of even the minimal requirements under Rule 8. She fails to provide a "short and plain statement" of her claims. *Garrett*, 938 F.3d at 92. Clark's deficient allegations arise in part because she completed a form complaint for asserting employment discrimination claims, but from the few averments made in that document, it is clear that she did not intend to allege an employment discrimination lawsuit. Clark has otherwise provided so few facts in her Complaint that the basic questions of "who, what, and why" of her claims remain unanswered. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Based on what Clark submitted, Navy Federal does not have fair notice of the grounds upon which her claims rest, and it could not reasonably be expected to respond to the Complaint. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a

reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

The Court may consider the attachments to the Complaint as well as the separate "motions" against non-named parties that Clark submitted (Doc. Nos. 4–7) in screening her claims under 28 U.S.C. § 1915(e)(2)(B). *See Harris v. U.S. Marshal Serv.*, No. 10-cv-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and, hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). But a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery*, 2021 WL 4060454, at *2. Clark's attachments thus cannot fill the substantial gaps in her allegations for the purposes of stating a plausible claim. Rather, her Complaint itself must articulate in narrative form the facts giving rise to the claims she intends to pursue.[4] In any event, even if the

---

[4] Rule 10 requires that the caption of the complaint name all parties, and that each claim or defense is stated in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a) & (b). Should she file an amended complaint, Clark may wish to consult the provisions of Rule 10. Clark's present Complaint, to which she attached various documents containing the names of non-parties to this action with handwritten notes and arguments, does not meet the criteria of this Rule. *See Hymer v. Kross*, No. 23-2374, 2024 WL 3026781, at *2 (3d Cir. Jun. 17, 2024) (explaining that, while exhibits attached to a complaint may be considered in assessing whether dismissal is appropriate, the facts asserted in them "may not necessarily be considered for the truth of the matter asserted").

attachments and motions could be considered as factual matter within the Complaint, the vague allegations they contain do not suffice to meet the requirements of Rule 8.

IV.     **CONCLUSION**

For these reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will permit Clark an opportunity to file an amended complaint that comprehensively includes all intended defendants and claims, and that provides the clear factual basis for her claims.[5]  Her Motion for Appointment of Counsel (Doc. No. 3), Motion Regarding LVNV/Resurgent (Doc. No. 4), Motion Regarding Navy Federal Credit Union (Doc. No. 5), Motion Regarding One Main Financial (Doc. No. 6), and Motion Regarding Department of Education (PHEAA) (Doc. No. 7) will be denied without prejudice.[6]

An appropriate Order follows.

---

[5] Because she alleged that the events began in 2014, Clark should be mindful of the applicable statutes of limitations for the claims she seeks to bring.  To the extent that she wants to allege claims under the FCRA, a plaintiff must bring a claim within two (2) years after the date of discovery or five (5) years after the date on which the violation occurs.  15 U.S.C. § 1681p.  Claims under the TILA must be brought within one (1) to three (3) years of the alleged violation, depending upon the provision under which she is proceeding.  *See* 15 U.S.C. § 1640(e).

[6] With respect to the Motion for Appointment of Counsel, in determining whether to appoint *pro bono* counsel, the Court considers as a threshold matter whether the plaintiff's claims have "some merit in fact and law."  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  For the reasons explained above, Clark's Complaint fails to meet this threshold requirement.